AO 91 (Rev. 5/85) Criminal Complaint AUSA Kaplan/SA LINDSEY, US Customs

# United States District Court

FILED by INTAKE D.C.
AUG - 8 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

RAFAEL DANIEL De La CRUZ-JIMENEZ and
LUIS ALEJANDRO MADERA-SANCHEZ

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 02-4177-BSS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about the date of August 7, 2002 at Broward County, in the Southern District of Florida, defendants, **RAFAEL DANIEL De La CRUZ-JIMENEZ and LUIS ALEJANDRO MADERA-SANCHEZ** (Track Statutory Language of Offense) (describe) did knowingly and willfully import into the United States a Schedule II controlled substance, that is, more than five kilograms of cocaine,

in violation of Title 21 United States Code, Section 952

I further state that I am a(n) Special Agent/U.S. Customs and that this complaint is based on the following facts:

Official Title

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Brett Lindsey 56 9173
Signature of Complainant
Brett Lindsey, S/A
United States Customs Service

The Court finds probable cause.
Sworn to before me, and subscribed in my presence,

Aug. 8, 2002 at Fort Lauderdale, Florida
Date City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Barry Seltzer
Signature of Judicial Officer

**AFFIDAVIT**

I, Brett Lindsey, being duly sworn, do hereby depose and state the following:

1. I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, and have been so employed since March 25, 2002. Prior, I served as a fully-sworn Reserve Deputy Sheriff in Leon County, Florida from September 1998 until March 2002. I am presently assigned to Group 3 at the Resident Agent in Charge, Fort Lauderdale, FL, a High Intensity Drug Trafficking Area group, which is continuously involved in the investigation of drug trafficking and money laundering. I have received training and have been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31, and various other federal statutes. The following information is based upon personal knowledge and that of my fellow special agents, Customs inspectors and/or other law enforcement officers.

2. On August 7, 2002, United States Customs Service Inspectors at Fort Lauderdale Executive Airport, in the Southern District of Florida, conducted an inbound inspection of a Caribair, E.A. aircraft, bearing tail number HI698CT originating

from Santo Domingo, Dominican Republic with a stop in Exuma, Bahamas. Crew members RAFAEL DE LA CRUZ JIMENEZ and LUIS (a/k/a LOUIS) MADERA-SANCHEZ presented themselves and their luggage to Customs Inspector R. White for inspection.

3. Inspector White conducted a physical examination of the aircraft and the crew's luggage. Inspector White discovered in plain view what appeared to be several hundred pounds of cast iron weights and dumbbells strategically placed throughout the cabin, cockpit, and forward cargo area of the aircraft. The excessive amount of weights discovered in the cockpit led Inspector White to suspect that the plane may be carrying a large amount of cargo elsewhere.

4. A more thorough search of the aircraft by US Customs Service Inspectors revealed seven (7) suitcases concealed behind a panel in the rear of the aircraft. A Customs K-9 (Dante 8C95) unit responded and conducted a search of the aircraft. The K-9 alerted positively to the suitcases, and a further inspection of the suitcases revealed numerous wrapped bricks. One of the bricks was probed revealing a white powder. The powder field tested positive for the presence of cocaine. The approximate gross weight of the cocaine is estimated at 450 kilograms (total gross weight of the suitcases containing the cocaine was approximately 1149 lbs.)

5. The pilot, RAFAEL DE LA CRUZ JIMENEZ, a Dominican national, and the co-pilot LUIS (a/k/a LOUIS) MADERA-SANCHEZ, a naturalized U.S. citizen, were the only individuals on the fifteen passenger aircraft. U.S. Customs Service inspectors found DE LA CRUZ JIMENEZ and MADERA-SANCHEZ to be in possession of $5,334.00 in U.S. currency.

6. Federal Aviation Administration (FAA) Maintenance and Operations Inspectors were contacted to inspect the pilot licenses of the defendants and to review the condition of the aircraft. They primarily focused on interpreting the placement of the weights discovered onboard and checking the avionics. FAA inspectors determined that the weights were not properly secured, creating an aviation safety hazard. In addition, the weights more than likely exceeded the maximum floor load limit per square inch, violating U.S. aviation safety standards. The FAA also determined that the weights appeared to be used to compensate for the heavy load in the rear, thus altering the center of gravity of the aircraft. Total gross weight of the cast iron free weights was estimated at approximately 900 lbs.

7. Based upon the aforementioned facts, I believe probable cause exists to assert that the defendants, RAFAEL DE LA CRUZ JIMENEZ and LUIS (a/k/a LOUIS) MADERA-SANCHEZ, on August 7, 2002,

did knowingly and intentionally import into the United States, from a place outside thereof, a schedule II controlled substance, to wit: Cocaine, in violation of Title 21, United States Code, Section 952 (a).

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

Brett Lindsey 56973

**Brett Lindsey, Special Agent**
**United States Customs Service**

Sworn to and subscribed before me
this 8th day of August, 2002.

Barry Seltzer

Barry S. Seltzer
United States Magistrate Judge