UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RAFAEL DANIEL DE LA CRUZ JIMENEZ
    Defendant,

vs.

    Case No. 02-60176-CR-WPD

UNITED STATES OF AMERICA
    Plaintiff

FILED BY MC D.C.
NOV 28 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

### MOTION FOR RECONSIDERATION OF ORDER DENYING 3582(c)(2) MOTION

COME NOW, defendan, Rafael Daniel De La Cruz Jimenez, Pursuant to Rule 35(a) for Reconsideration of 11/2/2023 Order Denying 3582(c)(2) Motion Pursuant to 821 Amendment solely based upon Pretrial 3C1.1 Conduct without anything more or extra-Judicial bias Contrary to United States vs. Plate, 839 F.3d 950 @ 958 (2018 CA11); and United States v. Wert, 2023 U.S. App. Lexis

Page 1

23604 (2023 CA11) and where defendant who were convicted of Robberies, murders and still committed Murders and held federal Officers hostage while incarcerated were not considered a danger to community under 3553(a) factor as follows:

    1. The District Court's sole reason for Denying defendant's 3582(c)(2) motion is centered on a single 3553(a) factor of dangerneous based on the 3c1.1 obstruction in connection with the nature of the charge, which the Eleventh Circuit has twice recently stated is not enough standing alone to deny 3582(c)(2) motions, See e.g. United States v. Plate, 839 F. 3d 950 @ 958 (2016 CA11) (where district Judge gave significant weight to a single 3553(a) factor without considering all factors as a whole was sufficient appearance of extrajudicial bias to merit exercise of

Page 2

Supervisory Powers in remanding the case for resentencing before a different district court (Judge); and United States v. Werts, 2023 U.S. App. Lexis 23604 (2023 CA11) holding that Court cannot use fact that defendant caused the murder of another person alone as grounds to deny 3582(c) relief.). See also United States v. McKinney, 2022 U.S. Dist. Lexis 71018 @ *2 (D. Kan. 4-18-2022) granting in part 3582(c)(1)(A) relief to defendant despite his 3C1.1 obstruction of Justice); United States v. Mouse, 2022 U.S. Dist. Lexis 128684 @ *11 (7-19-2022 D. Md) granting 3582(c)(1)(A) relief to defendant enhanced under 3C1.1 which provided materially false testimony during a motion hearing in drug trafficking case where two people were murdered despite defendant's extensive felony drug conviction record). United States v. Glover, 2022 U.S. Dist Lexis 137031 @ 4 (D.S.C. 8-1-2022) (Granting 3C1.1 obstructionist defendant 3582(c) relief); United States v. Brown, 2021 U.S. Dist Lexis 111395

@ *2 (6-9-2021 W. VA) (taking into Consideration defendant's 3C1.1 obstruction, but Granting 3582(c)(1)(A) relief based on the Post-Conviction factors.); and United States v. Bell, 822 F' App'x 884 @ 885 (2020 (CA 11) (reversing the grant of 3C1.1 defendant's 3582(c)(2) Motion under abuse of descrection for the district Court to Consider Granting the 3C1.1 Obstructionist an even lower Sentence "below the revisal Guideline range...").

 2. The Cases which follow show defendants with unimaginable Post-Sentencing behavior such as throwing hot grits on federal officers, hostage taking and Murder were granted relief under the higher 3582(c)(1)(A)(i) standards:

### 18 U.S.C. § 3553 Factors Have Errected No Barrier To Those Who Have Killed Federal Officers As Well As Those Who Have Held FBOP Officers Hostage & Killed Other Inmates While Incarcerated When Granting Relief Under 18 U.S.C. § 3582(c)

The following cases show that others deemed more dangerous than defendant have been granted compassionate release as follows:

United States v. Winston, 2021 U.S. Dist. Lexis 14988(D. Kan. 1-22-2021)(granting compassionate release to defendant with extensive prior criminal history and numerous disciplinary infractions while serving his prison sentence over government's danger to community objections); United States v. Meeks, 10-cr-20388-2, 2021 U.S. Dist.. Lexis 43684(E.D. Mich. 3-9-2021)(disciplinary infractions did not bar compassionate release); United States v. Greene, 2020 U.S. Dist. Lexis 142007(E.D. Mich. 8-10-2020 (two disciplinary infractions, including one for cell phone possession [which is a criminal offense under 18 U.S.C. 1791] did not bar compassionate release); United States v. Mason, 2021 U.S. Dist. Lexis @ *7(N.D. Cal. 12-31-2020)(granting compassionate release to 27 year old with several disciplinary infractions over government's danger to community objections); United States v. DuBois, 2021 U.S. Dist. Lexis 29848, 2021 WL 632679 @ *4-5(E.D. Pa. 2-18-2021)(granting compassionate release to defendant who received six disciplinary infractions over government's danger to community objections); United States v. Greene, 516 F. Supp. 3d 1 @ 9-10(D. D.C. 2-2-2021)(granting compassionate release over government's danger to community objections to defendant incarcerated for murder of a federal officer, robbery, premeditated murder of federal officer, robbery and rescue of a federal prisoner who while in FBOP recently received "disciplinary infraction that ... had incurred for throwing [hot] grits on a staff member" another for "possessing a dangerous weapon and threatening correctional staff." Imagine that?).

See, also, United States v. Denson, Criminal No. 10-0051(PLF), 20202 U.S. Dist. Lexis 112138 @ * 14(D. D.C, 6-25-2020)(Defendant who pled guilty to trafficking PCP, heroin & cocaine base in violation of 18 U.S.C. 1962(d) was granted compassionate release over government's claim that he "still poses a danger to the community and has not sufficiently shown himself to be rehabilitated where he 'committed numerous acts of violence' during the [RICO] conspiracy and found guilty of 3 disciplinary infractions while incarcerated); United States v. Amerson, 05-CR-0301(JS), 2023 U.S. Dist. Lexis 12004(E.D.N.Y. 7-12-2023)(granting compassionate release to defendant who

after serving 10 years in New York and New Jersey prisons for a series of armed robberies, then less than a year after being released on supervision, committed more than a dozen federal robberies, including with a .38 caliber. The compassionate release motion was granted over the government's continued danger to community argument where the only thing relied upon by government was the PSR); United States v. Amezeva, no. 13-93-cr-05046-DAD-1, 2022 U.S. Dist. Lexis 187669 @ * 2, 45(E.D. Cal. 10-13-2022)(granting compassionate release to defendant serving Life Sentence for 10 to 30 kg of methamphetamines while armed in violation of 18 U.S.C. 2 and 21 U.S.C. 841(a)(1), 846, over government's still poses a danger to community objection due to him having been sanctioned for rioting, drug possession (the same behavior he's incarcerated for) and weapons possession); United States v. Fischman, 2020 U.S. Dist. Lexis 78157, 2020 WL 2097615 @ *3(N.D. Cal. 5-1-2020)(granting compassionate release to defendant convicted of child porn over government's danger to community objection); United States v. Jackson, 2021 U.S. Dist. Lexis 13190(D. Nev. 1-25-2021(same); United States v. Rodriguez, 2021 U.S. Dist. Lexis 73233(S.D. Cal. 4-14-2021)(granting motion over government's danger to community based on defendant bringing 21.15 KG (46.3 lbs.) of fentanyl to the United States in violation of 18 U.S.C. 952 & 960); United States v. Hansson, 470 F. Supp.3d 1197 @ 1204(D. Ore. 7-2-2020)(government argued defendant remains dangerous to community because he has not received sex offender treatment, while serving his sentence under 18 U.S.C. 2252 7 2252A for child porn); United States v. Cheese, Criminal No. ELH-08-0415, 2022 U.S. Dist. Lexis 226679 @ 38-39(D. Md. 12-15-2022)(Granting defendant's compassionate release motion who distributed more than 30 KG of heroin in violation of 21 U.S.C. 846 over government's danger to community objection despite being sanction for possessing a dangerous weapon, fighting with another person, stealing and threating bodily harm while serving his FBOP sentence with his most recent sanction being less than 5 years from the date of granting his compassionate release motion); United States v. McDonel, 513 F. Supp.3d 752 @ 758-59(E.D. Mich. 2021)(granting defendant compassionate release over government's danger to community objection where defendant charged with multiple counts of violent armed robberies continued to receive disciplinary infractions while FBOP for weapons 3 times, they found a 6-inch flat piece of metal, a shiv made of beard-trimmer blade melted at an angle on a toothbrush, a melted plastic shank, he also tried to bribe a prison official offering to pay him $1,000.00 a month of 15 cans of chew a week and written up more than half dozen times for abusing telephone privileges.).

Page 6

In the case of United States v. Bolden, 277 F. Supp. 2d 999(E.D. Ark. 20030 the white male drug kingpin liable for 164 kilograms of cocaine, and who operated a large-scale money laundering scheme, was allowed to plead under George Bush's Administration John Ashcroft DOJ, to an alternative misprision of felony offense under 18 U.S.C. 4 , as the Government agreed to dismiss the remaining more serious 33 other counts of the indictment and sentenced to only 36 months of incarceration. While his codefendants who went to trial received ten year sentences or more. The court noted that "Bolden was not a cooperating witness, therefore the plea agreement was apparently a reward solely for his plea of guilty, a 29 1/2-to 30-year concession." However, this in of itself is an extraordinary and compelling racial sentencing disparity which should be taken into account by the courts under the 1b1.13 other provisions clause. As further noted below.

The national average sentence for equally or more serious crimes than those of this defendant have been substantially lower. E.g., such as "the crime of robbery, 104 months (6 years, 9 months); for murder, 244 months (20 years, 4 months); for child pornography, 108 months (9 years); for sexual abuse, 211 months (17 years, 6 months); and for kidnapping, 166 months (13 years, 9 months). USSC Table 15, "Sentence Imposed by Type of Crime", https://www.ussc.gov/annual-report.-and source books/2021/Table15.pdf. As indicated courts have granted a host of murder defendants compassionate relief, even when they have committed additional murders or crimes of violence while incarcerated. See, e.g., USA v. Douglas, Crim. A. No. 10-171-4(JDB) 2021 U.S. Dist. Lexis 10755, 2021 WL 21463 @*8(D.D.C. 1-21-2021)(granting compassionate release to defendant who having served less than 50 months on 120-month sentence for second degree-murder); USA v. Wright, 549 F.Supp.3d 122 @ 123-125(D.D.C. 2021)(granting compassionate release to robbery defendant over Government's danger to community objection, where defendant while in FBOP custody "assaulted a correctional officer who was searching his cell", "participated in an escape attempt in which he took prison staff hostage and a fellow inmate died", another prisoner "assaulted ... by inflicting 14 stab wounds to his body" and "murder charges after he "was observed ... conveying a knife ... on the day 'another inmate was stabbed to death" and while in custody on a parole violation for trying to rob KFC..." Imagine that?)'; USA v. White, Crim. No. 93-97(BAH), 2022 U.S. Dist. Lexis 152412, 2022 WL 3646614(8-24-2022)(granting compassionate relief to White who murdered an acquaintance of his in violation of 18 U.S.C. 1962(d),

21 U.S.C. 841(a)(1), 841(b)(1)(A)(iii), 846 conspiracy converting White's life sentence into 35 years); USA v. Qadar, No. 00-cr-0603, 2021 U.S. Dist. Lexis 136980, 2021 WL 3087956 @ *2(E.D.N.Y. 7-22-2021)(average federal murder sentence in fiscal year was approximately 21 years); USA v. Brown, No. 21-7752, 2023 U.S. App. Lexis 21403 @ *22(2023 CA4)("we cannot ignore the extraordinary fact that Brown, who was not charged with causing any physical violence or injury, is serving a sentence more than two-and-a half times the length of today's average murder sentence..."); USA v. Birket, No. 90-cr-1063-24, 2023 U.S. Dist. Lexis 112714(E.D.N.Y. 6-29-2023)(granting compassionate release to racketeering murder conspiracy defendant despite several disciplinary infractions for drug possession, fighting, disobeying orders, assaulting an inmate and failing to stand count, reducing life sentence to 40 years); USA v. Haynes, 456 F. Supp.3d 496 @ 574(E.D.N.Y. 2020)(in granting compassionate release, considering as one of several extraordinary and compelling circumstances the nature of defendant's sentence "as compared to the sentences imposed on similar and more severe criminal conduct today.")

Brown v. USA, ELH-00-0100, 2020 U.S. Dist. Lexis 45106, 2020 WL 124895 @ *10(D. Md. 3-16-2020)(reducing life sentence plus 30 years to 40 years of imprisonment for defendant who led a violent drug trafficking operation and committed a murder in furtherance of the drug conspiracy); USA v. Winchester, 2023 U.S. Dist. Lexis 26311(D. HI. 2-16-2023)(defendant whose prior criminal history points were based on crimes involving violence or threats "to his ex-girlfriend with a knife, threatening to kill her boyfriend and her, choking her and throwing her across the room, threatening to go to her work place and kill her by putting his hands around her neck and stabbing her." Granted compassionate release on his current federal methamphetamine 21 U.S.C. 841(b)(1)(B) offense solely based on First Step Changes to 3553(f)(1) Safety Valve provisions reducing his statutory mandatory 10-year minimum sentence to 82 months.); USA v. Burleson, Case No. 2:16-cr-00046-GMN-NJK-16, 2022 U.S. Dist. Lexis 215612(D. Nev. 11-29-2022)(granting compassionate relief to Defendant who traveled to Nevada with weapons, invoking Valhalla Martyrdom, to confront and potentially injure, or kill federal officers. Yet, reduced his 819 month sentence to 387 months after serving less than 8 years); USA v. Gaulden, 2022 U.S. Dist. Lexis 127901(S.D. Ga. 7-19-2022)(reducing defendant's sentence to time served after serving 23 years of 35 on armed drug conspiracy where defendants hired their co-defendant ...to kill ... an individual who reportedly stole cocaine from them); and USA v. McGowan 2022 U.S. Dist. Lexis 202370(E.D. MI 11-7-2022("he raises for the first time an unmistakable sentencing error which everyone overlooked until now." Compassionate relief granted based on Apprendi, violation in light of Mathis & Barrage).

Wherefore, based upon the aforesaid reasons facts and authorities and where defendant recieved this Court's November 2, 2023 and on November 16, 2023 in General Mail, in addition to the fact that under Federal Rule of Appellate Procedure Rule 4(b)(5) does not divest a district Court of Jurisdiction to Correct a Sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a Motion under 35(a) after the validity of a Notice of Appeal filed before entry of the above disposing of the Motion..." Ergo, and as such, defendant prays that this Court will grant this his Motion for Reconsideration accordinaly.

Respectfully Submitted on 11-16-2023.

BY: Rafael Daniel Dela Cruz Jimenez  11/16/23
Rafael Daniel De La Cruz Jimenez

·Page 9

I hereby declare under penalty of perjury that I did not receive this Court's 11-2-2023 above until 11-16-2023 and that on 11-16-2023 I did place this Reconsideration Motion in the Prison Mail System addressed to this Court on 11-16-2023.

## CERTIFICATE OF SERVICE

I hereby CERTIFY that on November 16, 2023, that the foregoing Motion For Reconsideration of Order Denying 3582(c)(2) Motion filed with the Clerk of Court using the Prison Mail System address below:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Clerk OF THE Court - Room 8N09
400 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128-7716

BY: _Rafael Daniel De La Cruz Jimenez_   11/16/23
Rafael Daniel De La Cruz Jimenez.

Page 10

⇔ 56269-004 ⇔
De La Cruz Rafael Daniel
Federal Correctional Inst
P.O Box 5000
Oakdale, LA 71463
United States

*LEGALMAIL/SPECIAL Mail*
de este November 16, 2023*

UNITED STATES DISTRICT COURT
SouthernDISTRICT OF FLORIDA
Clerk of the Court - ROOM 8N09
400 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128-7716

33128-180549